IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALDA WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-046 |
| | ) | |
| UNITED OF OMAHA LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In consideration of the record, the Court **REPORTS** and **RECOMMENDS** this case be **REMANDED** to the Superior Court of Burke County, Georgia, based on lack of subject-matter jurisdiction, and this civil action be **CLOSED**.

### I.   BACKGROUND

On March 17, 2022, Plaintiff filed this action in the Superior Court of Burke County, Georgia, alleging Defendant wrongfully denied benefits under a disability insurance policy and asserting claims for breach of contract, bad faith denial of coverage under O.C.G.A. § 33-4-6, and attorneys' fees and costs. (See Compl., doc. no. 1-1.) Defendant filed a Notice of Removal on April 20, 2022, asserting diversity of citizenship and an amount in controversy exceeding $75,000. (Doc. no. 1, p. 7.) Defendant estimates Plaintiff's breach of contract and bad faith penalty claims were worth $61,227.25 at the time of removal, itemized as follows: (1) $40,818.16 in disability benefits due at the time of removal, if Plaintiff prevails on her claim; and (2) a fifty percent bad faith penalty of $20,409.08, pursuant to O.C.G.A. § 33-4-6.

(Id. at 6.)  Needing $13,772.76 more to clear the jurisdictional hurdle of $75,000, Defendant guesses that, as of the date of removal, Plaintiff's claim for attorneys' fees could have exceeded $13,772.76 if either (1) there is a one-third contingency fee agreement; or (2) Plaintiff's counsel had billed at least twenty-seven-and-a-half hours by the time of removal, based on an assumed hourly rate of $500 per hour.  (Doc. no. 1, p. 6.)

## II.  DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).  The Court construes the removal statute narrowly.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010).  "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

A removing defendant has the burden to establish federal jurisdiction.  See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).  And the removing party must point to facts, not conclusory allegations, to meet its burden.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001).  "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751.

Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319.  Although a defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."  Pretka, 608 F.3d at 754; see also Dudley v. Eli Lilly and Co., 778 F.3d 909, 913 (11th Cir. 2014) (explaining "pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover. (citations, emphasis, and quotation omitted)).  That is, the existence of jurisdiction should not be "divined by looking to the stars."  Lowery, 483 F.3d at 1215.  An indeterminate claim for damages is not dispositive but should not be ignored by the Court.  See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010).  Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  Id. at 1062 (footnote omitted).

Here, Defendant has failed to meet its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.  It is correct that attorneys' fees may be considered when calculating the amount in controversy if attorneys' fees are recoverable pursuant to statute, as they are here.  Hall v. Travelers Ins. Co., 691 F. Supp. 1410 (N.D. Ga. 1988); Vacca v. Meetze, 499 F. Supp. 1091 (S.D. Ga. 1980).  While some courts include within the amount in controversy the total of attorneys' fees that could be awarded at the conclusion of the litigation, most courts within the Eleventh Circuit, including this Court, consider only the amount of attorneys' fees that have accrued at the time of removal.[1]  This approach is

---

[1] See DX Print, LLC v. Nat'l Ctr. for Life & Liberty, Inc., No. 6:21-CV-13, 2021 WL 5107726, at *5 (S.D. Ga. Nov. 3, 2021) (following majority approach to only consider attorneys' fees accrued by time of removal); Gilkes v. Philadelphia Express Tr., No. 4:20-CV-235, 2021 WL

consistent with the longstanding rule that "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751.

Defendant's attempt to include attorneys' fees within the amount in controversy is improper because it is based on (1) guessing there is a one-third contingency fee, which even if correct has not yet accrued and may never will; and (2) alternatively guessing an hourly rate and time billed by Plaintiff's counsel through the time of removal. As previously explained, the removing party must point to facts, not conclusory allegations, to meet its burden. Williams, 269 F.3d at 1319-20.

### III.  CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this action be **REMANDED** to the Superior Court of Burke County, Georgia, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of June, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

3913581, at *5 (S.D. Ga. Sept. 1, 2021) (same). While some Courts have sporadically held differently, Courts within the Eleventh Circuit now generally act in accordance with this Court's approach. Compare Unwin v. Hartford Ins. Co. of the Midwest, No. 2:21-CV-135-SPC-NPM, 2021 WL 1821415, at *2 (M.D. Fla. Apr. 9, 2021) with Mirras v. Time Ins. Co., 578 F. Supp. 2d 1351, 1352 (M.D. Fla. 2008); see also Donovan v. Liberty Mut. Ins. Co., No. 616CV157ORL22TBS, 2016 WL 9525421, at *3 (M.D. Fla. June 17, 2016) (declining to adopt Magistrate Judge's recommendation to consider future attorneys' fees for amount in controversy).